# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

STANLEY SEABROOK,               )
                                )
    Movant,                 )
                                )
v.                              )   Case No. CV404-216
                                )
UNITED STATES OF AMERICA,       )
                                )
    Respondent.             )

## REPORT AND RECOMMENDATION

Movant has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Court recommends that the motion be DENIED.

## I. BACKGROUND

On November 7, 2002, a federal grand jury indicted movant, charging him with one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and 924(e), and one count of possession of

a firearm in connection with a drug trafficking offense in violation of 18 U.S.C. § 924(c). Doc. 1.[1]

On February 2, 2003, the jury convicted movant of possession of a firearm by a convicted felon. The Court sentenced him to 293 months' imprisonment on April 16, 2003, to be served consecutively to the state sentence he was already serving, five years' supervised release, and a $100 special assessment. Doc. 34.

Movant appealed his conviction, alleging only that the district court erred in denying his motion for new trial based upon the court's refusal to give a jury charge requested by movant. On January 9, 2004, the Eleventh Circuit affirmed movant's conviction. United States v. Seabrook, 90 Fed. Appx. 388 (11th Cir. 2004) (per curiam).

On December 20, 2004, movant, who is presently serving a state sentence at Valdosta State Prison in Valdosta, Georgia, filed a timely 28 U.S.C. § 2255 motion. On January 3, 2005, on order of the Court, movant filed an amended petition. On February 2, 2005, the government filed its response.

---

[1] Citations are to the docket in movant's criminal case, CR402-284.

## II. ANALYSIS

In his motion, movant asserts three grounds for habeas relief: (1) denial of effective assistance of counsel at trial and on direct appeal because his counsel failed to object to opinions given by prosecutors and witnesses, wrongfully advised him to agree to a stipulation regarding his prior felony conviction, failed to properly prepare for trial, and failed to raise these errors on appeal; (2) prosecutorial misconduct based on the government's introduction of character evidence and expression of personal opinions during opening and closing arguments regarding movant's character and guilt; and (3) that his sentence was excessive.

### A. Procedural Default

Absent a showing of cause and prejudice, previously available claims not timely raised are procedurally defaulted. United States v. Frady, 456 U.S. 152, 167 (1982); Mills v. United States, 36 F.3f 1052, 1055-56 (11th Cir. 1994); Cross v. United States, 893 F.2d 1287, 1289 (11th Cir. 1990). Because the claims movant asserts in his § 2255 motion were not raised on direct appeal, he must show (1) "'cause' excusing his double procedural

default, and (2) 'actual prejudice' resulting from the errors of which eh complains" to avoid procedural default. Frady, 456 U.S. at 168.

A showing that counsel's performance was constitutionally deficient, coupled with a showing of prejudice can satisfy the cause and prejudice standard. Reece v. United States, 119 F.3d 1462, 1468 (11th Cir. 1997). To establish ineffective assistance of counsel, movant must satisfy the two-part test established by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). First, movant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. Second, movant must demonstrate that the defective performance prejudiced his defense to such a degree that the results of the trial are called into question. Id.

Under the first prong, deficient performance is "that which is objectively unreasonable and falls below a wide range of competence demanded of attorneys in criminal cases." Cross v. United States, 893 F.2d 1287, 1290 (11th Cir. 1990). The reasonableness of the attorney's

performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. Strickland, 466 U.S. at 690. The movant must carry a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689 (citation omitted).

Under the prejudice prong, a movant must establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. Kimmelman v. Morrison, 477 U.S. 365, 375 (1986); Strickland, 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

Movant claims that his counsel was ineffective for four reasons. First, he asserts that his counsel was ineffective for failing to object to opinions given by the prosecutor and witnesses. Movant does not, however, describe or identify the opinions to which his counsel should have objected. Bare assertions, devoid of factual support, are not sufficient to entitle movant to relief under § 2255. Caderno v. United States, 256 F.3d 1213, 1217 (11th

Cir. 2001) (citing Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (fining movant unentitled to habeas relief when claims raised are merely "conclusory allegations unsupported by specifics"); see also United States v. Jones, 614 F.2d 80, 82 (5th Cir. 1980)[2] (finding wholly conclusory claim unsupported by factual allegations or proof is without merit and may be denied without hearing); Ward v. United States, 486 U.S. F.2d 305, 306 (5th Cir. 1973) (upholding district court's denial of relief under § 2255 because petitioner failed to set forth specific facts in support of conclusory claims); Rodriguez v. United States, 473 F.2d 1042, 1043 (5th Cir. 1973) (no hearing required where petitioner alleged no facts to establish truth of claims beyond bare conclusory allegations). Accordingly, movant has not shown that he is entitled to relief on this claim.

Movant's second claim of ineffective assistance of counsel is that his counsel was ineffective for advising him to agree to a stipulation concerning his prior felony convictions. Again, movant does not specify how his counsel's advice was deficient, and this claim asserts a bare conclusory

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

allegation. The Court also notes that by stipulating that he had been previously convicted of a felony, movant prevented the government from introducing at trial his quite extensive criminal history – including eleven convictions for drugs, aggravated assault with a deadly weapon, armed robbery, possession of a firearm by a convicted felon, criminal damage to property, and burglary. Doc. 1. Because this stipulation only benefitted movant, the Court finds that he has not satisfied the prejudice prong of the Strickland test. Accordingly, movant is not entitled to habeas relief on this claim.

Third, movant argues that his counsel was ineffective because she failed to prepare properly for trial. Again, movant does not support his claim with specific facts but makes a mere conclusory allegation, warranting denial of this claim.

Lastly, movant contends that his counsel's performance was constitutionally deficient because she failed to raise on appeal "these errors,"[3] and others movant advised her of. The Supreme Court has held that the Strickland test applies to claims of ineffective assistance of

---

[3] By "these errors," the Court assumes that he means counsel's own ineffective assistance at trial.

appellate counsel. Smith v. Murray, 477 U.S. 527, 535-36 (1986). Counsel is not ineffective for failing to raise meritless issues on appeal. Chandler v. Moore, 240 F.3d 907, 917 (11th Cir. 2001). As movant has not demonstrated that his counsel failed to raise any issues on appeal that have merit, he is not entitled to habeas relief on this ground.

Therefore, for the reasons stated above, the Court finds that movant has not shown that his counsel's performance entitles him to habeas relief. Moreover, movant has not made a showing of cause and prejudice to excuse his procedural default.

### B. Character Evidence

Movant has also alleged that he is entitled to habeas relief because the government improperly introduced evidence of his bad character at trial that was not a part of the stipulation agreement. Movant further states that the prosecutor "stated personal opinions during opening and closing arguments about [his] character and guilt."

With regard to any evidence of bad character, the Court first notes that movant has not articulated any specific evidence or statements that he is challenging. Moreover, the government has cited portions of the trial

transcript that demonstrate that the prosecutor was specifically instructed by the Court not to attempt to introduce evidence of movant's character. Trial Tr. at 54-55. On the other hand, a defense witness did testify that movant was a "nice guy" and a "good neighbor." Trial Tr. at 51. Because it appears that no evidence of movant's bad character was introduced at trial, movant's claim with regard to this argument should be denied.

As for movant's claim concerning statements the government prosecutor made in opening statements and closing arguments, again, movant has not specified what statements were made. Because the opening statements and closing arguments were not transcribed by the court reporter, there is no way to determine what might have been said. However, even assuming any improper statements were made, the jury was specifically instructed by the Court that they "must consider only the evidence that [the Court has] admitted in the case" and that "anything that lawyers say is not evidence." Doc. 26 at 2-3. Any error was cured by the Court's jury instruction. Therefore, for the reasons stated, movant has not shown that he is entitled to habeas relief based on any prosecutorial conduct.

## C. Sentencing

Lastly, movant argues that his sentence was excessive because he was only convicted of possession of a firearm by a convicted felon, but was sentenced to 293 months' incarceration. As an initial matter, the Court notes that guidelines error are not cognizable on collateral attack. Martin v. United States, 81 F.3d 1083, 1084 (11th Cir. 1996) ("Because a defendant has the right to directly appeal a sentence pursuant to the Sentencing Guidelines, the defendant is precluded from raising Guidelines issues in collateral proceedings under § 2255."); see also Montemoino v. United States, 68 F.3d 416 (11th Cir. 1995) (citing Cross v. United States, 893 F.2d 1287, 1289 (11th Cir. 1990)).

Before being sentenced, movant was given an opportunity to review his presentence investigation report ("PSI"), which noted that the resulting guideline range for his offense level and criminal history category was 235 to 293 months. Movant did not object to the factual accuracy of the PSI or the PSI's guidelines applications. His failure to object prevents him from raising a challenge to the PSI in a § 2255 motion. United States v. Peloso, 824 F.2d 912, 915 (11th Cir. 1987) (citing Simmons v. United States, 777

F.2d 660) (11th Cir. 1985)). The Court sentenced movant within the unobjected to guideline range, and no upward departure was granted. Movant is not entitled to habeas relief on this ground.

## III. CONCLUSION

Based upon the foregoing, the Court recommends that the instant § 2255 motion for habeas corpus relief be DENIED.

**SO REPORTED AND RECOMMENDED** this 17Th day of **February, 2005.**

```
                                    /s/ Smith
                              UNITED STATES MAGISTRATE JUDGE
                              SOUTHERN DISTRICT OF GEORGIA
```